| JOHNSON, J.,
Dissenting.
The per curiam opinion relies on Louisiana State Bar Ass’n v. Chatelain, 513 So.2d 1178 (La.1987), in finding Mr. Henderson failed to cooperate in the ODC investigation. According to Chatelain, an attorney cannot assert a Fifth Amendment privilege to withhold requested information with respect to client trust account records. A bar member is not entitled to all the protections that a criminal defendant enjoys because bar disciplinary proceedings are not criminal in Louisiana. Chatelain, 513 So.2d at 1182. In the matter at hand, Mr. Henderson’s failure to produce certain requested records was based on the fact that these same records were the subject of a criminal investigation. Thus, the privilege was not asserted to protect Mr. Henderson from disbarment; rather, the privilege was asserted to protect him from criminal prosecution.
Chatelain did not involve an attorney who was subject to both bar disciplinary and criminal proceedings. As such, the conclusion that, based on the ruling in Chatelain, Mr. Henderson should have been aware he could not withhold the requested information is incorrect. In my opinion, Mr. Henderson’s assertion of his Fifth Amendment privilege, during the formal hearing, should be considered as a defense to the failure to cooperate charge; or, at the very least, as a mitigating factor in determining sanctions. Further, in considering the assertion as a defense or mitigating factor, I would reduce the period of suspension from two years to the original eighteen months recommended by the Hearing Committee.